IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                   Case No. 3:12CR187

        Plaintiff,

        v.                                                                **ORDER**

Theodore R. Harmon,

        Defendant.

      Defendant, Theodore Harmon, was convicted in 2013 following a jury trial of violating 18 U.S.C. § 2423 (Travel With Intent To Engage in Illicit Sexual Conduct). On appeal, the Sixth Circuit affirmed his conviction. *U.S. v. Harmon*, 593 F. App'x. 455 (6th Cir. 2014). He then filed a petition for post-conviction relief under 28 U.S.C. § 2255, which I denied. *Harmon v. U.S.*, 2016 WL 815595 (N.D. Ohio).

      Defendant has filed a motion to alter or amend that last judgment under Federal Rules of Civil Procedure 52 and 59. (Doc. 81).

      There is no merit to his motion, which requires him to show that alteration is necessary to correct manifest injustice. Fed. R. Civ. P. 54(e)(4).

      Among other things, Harmon asserts I did not read his reply brief, which preceded my denial of his § 2255 petition by about ten weeks. Though I presently cannot recall having read the brief, I have no doubt that I did so and took its contentions into account.

Harmon claims that several errors infected his trial and conviction and that, as a result, I wrongly denied him relief on his § 2255 petition and refused to grant the certificate of appealability. None of his contentions is well-taken. Overruling the motion and rejecting his demand that I alter my prior judgment and decision need little discussion. The Sixth Circuit gave careful attention to his arguments on appeal, and I have done likewise in my prior orders and rulings before, during, and after his trial.

Harmon asserts I misapplied the law relating to his claim that

- he should have had the defenses of outrageous governmental conduct and entrapment raised by his lawyer and presented by me to the jury;

- his solicitation of sex was not a crime under the statute of conviction (in that the person whom he solicited did not exist);

- transcription of his internet communications with the undercover agent (whom defendant believed was the father of an underage girl) were unlawfully made; and

- his attorney provided constitutionally defective assistance of counsel by failing to seek suppression of a black bag found in defendant's car at the time of his arrest and, later, to seek exclusion from evidence of the sex-related items found in the bag.

The evidence showed that the defendant engaged in internet communications via a site that sought to attract pedophiles. He participated in the communications willingly – even eagerly – making his perverted desires clear and explicit. There was nothing in the exchange leading to the defendant's trip to Toledo, and, in time, incarceration, showing that "the undercover officer's involvement in creating [the] crime was so significant that criminal prosecution violates due process." *U.S. v. Blood*, 435 F.3d 612, 629 (6th Cir. 2006) (internal citation and quotation marks omitted).

Likewise, there was simply no evidence that seeking to advance an entrapment defense would have been plausible. As I previously noted, the defendant's predisposition to engage in sexual activity with a minor and to make the arrangements to do so on the internet was manifest. Had his lawyer sought an entrapment instruction, I would have denied that request – and properly so. *See, e.g., U.S. v. Demmler*, 655 F.3d 451, 457 (6th Cir. 2006).

Defendant next asserts that the language of § 2422(b) (whoever "entices" a person under the age of eighteen to engage in sexual acts) is void for vagueness and that it could not properly apply to his situation, where he had no communication or contact with a minor. That is not the law. *U.S. v. Roman*, 795 F.3d 511, 516 (6th Cir. 2015). The law fits defendant's conduct, and defendant's conduct fits the law.

Defendant's complaint that his lawyer failed to provide minimally adequate assistance when he did not move to suppress the transcript of his internet communication is equally meritless. Title 18 U.S.C. § 2511(2)(c), the so-called law enforcement exception, expressly permits a law enforcement officer to intercept communications with another individual without either that person's knowledge or a prior court order. Any motion seeking to exclude the transcript would have been entirely unavailing.

Finally, defendant claims that I must alter my judgment due to his lawyer's failure to move to suppress seizure of the black bag found in his car following his arrest and, thereafter, his lawyer's failure to seek to keep its contents from the jury. Seizure of the bag was clearly lawful under, e.g., *South Dakota v. Opperman*, 428 U.S. 364, 369-72 (1976). Its contents were, likewise, entirely admissible, as the sex-related items were directly connected with his criminal acts in enticing a minor

to engage in sexual activity with him. Those items were instrumentalities of his crime, and there was nothing wrong in having the jury see and consider them.

## Conclusion

Once again, defendant asserts challenges to his conviction that are utterly without any merit whatsoever. Not allowing him to appeal my denial of his § 2255 petition without a certificate of appealability was fully justified. Likewise, in this instance, I will not allow an appeal from this order without prepayment of the requisite filing fee, as any appeal would have no likelihood of success.

It is, accordingly, hereby

ORDERED THAT: the defendant's motion to alter or amend judgment (Doc. 81) be, and the same hereby is, denied.

No appeal shall be allowed from this order without prepayment of the requisite filing fee, as any such appeal would be frivolous and proffer no basis on which reversal might occur.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge